

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–430

| | |
|---|---|
| ELOY CHRISTOPHER SANDOVAL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered   OCTOBER 23, 2013<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. CR–2006–275]<br><br>HONORABLE VICTOR L. HILL, JUDGE<br><br>AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Eloy Christopher Sandoval appeals from an order of the Craighead County Circuit Court revoking his probation and suspended imposition of sentence (SIS). On appeal, he argues that the trial court imposed illegal sentences. We affirm.

In the Craighead County Circuit Court in case CR 2006–275, appellant pled guilty to stalking, a Class B felony, and terroristic threatening, a Class D felony. On the stalking charge, he was sentenced to 120 days in the county jail and ten years' probation. On the terroristic-threatening charge, he was sentenced to another 60 days in the county jail and five years' SIS. The judgment and commitment order was entered on October 2, 2006.

On June 12, 2012, the State filed a second amended petition to revoke alleging that appellant had violated numerous conditions of his probation and SIS. A revocation hearing was held on January 18, 2013, and at the conclusion of the hearing, the court found that

appellant had violated several conditions. On the stalking offense, appellant was sentenced to five years' imprisonment with an additional six years' SIS. On the terroristic-threatening offense, he was sentenced to five years' SIS. The sentencing order was filed on January 18, 2013, and appellant filed a timely notice of appeal.

It is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if he did not raise the argument below. *Parmley v. State*, 2011 Ark. App. 685. A sentence is illegal if the trial court is without the authority to impose it, even if on its face it is within the statutory range. *Wakeley v. State*, 2013 Ark. App. 231. Because sentencing is entirely a matter of statute, the trial court only has the authority to impose a particular sentence when it complies with the applicable statute. *Id.*

Appellant argues that his stalking sentence is illegal because the maximum sentence for a Class B felony is twenty years, and he was sentenced to a total of twenty-one years on that offense. He adds his original sentence of ten years' probation to his sentence upon revocation of five years' imprisonment followed by six years' SIS.

Appellant is correct that the sentence for a Class B felony shall be not less than five years nor more than twenty years. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2006). However, his sentence does not exceed twenty years. "If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty."

Ark. Code Ann. § 5-4-309(f)(1)(A) (Supp. 2005).[1]  However, any sentence of imprisonment, when combined with any previous imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-401, or if applicable, § 5-4-501. Ark. Code Ann. § 5-4-309(f)(1)(B).  Appellant erroneously adds his original ten-year probation sentence to his sentence upon revocation. This ten-year probation sentence was not a term of "imprisonment imposed" upon appellant.  Thus, appellant's eleven-year sentence upon revocation when combined with his previous 120-day incarceration sentence does not exceed the maximum of twenty years.

Regarding the terroristic-threatening offense, appellant argues that he received an illegal ten-year sentence when the original five-year SIS is added to the five-year SIS ordered upon revocation.  For a Class D felony, the sentence shall not exceed six years.  Ark. Code Ann. § 5-4-401(a)(5).  However, appellant's original five-year SIS was not a sentence of imprisonment imposed upon him.  Appellant's sentence upon revocation when combined with his original sentence of 60 days' incarceration is within the legal range of punishment.

Appellant also argues that he should not have been sentenced on the terroristic-threatening offense because the time for revocation on that conviction had run prior to the filing of the petition to revoke.  He notes that the second amended petition to revoke was filed on June 12, 2012, more than five years after his 2006 sentence of five years' SIS. Although the petition was filed more than five years after appellant was sentenced, Arkansas

---

[1]This statute was repealed by Acts of 2011, Act 570, §§ 10 to 13, effective July 27, 2011.

SLIP OPINION

SLIP OPINION

Code Annotated section 5-4-309(e)(2) provided that a court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation if before expiration of the period a warrant is issued for the defendant's arrest for violation of suspension or probation. As the State points out, the record contains a bench warrant for appellant's arrest for violation of probation in case CR 2006-275. The warrant was issued on May 5, 2011, which was within five years of appellant's sentence on October 2, 2006. Thus, the trial court had jurisdiction to revoke appellant's SIS for terroristic threatening.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.